UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
VERNARD MITCHELL,                  )
                                   )
         Petitioner,               )
                                   )
    v.                             )    Cr. Action No. 05-110 (EGS)
                                   )
UNITED STATES,                     )
                                   )
         Respondent.               )
_____)

**MEMORANDUM OPINION**

Pending before the Court is petitioner Vernard Mitchell's *pro* se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Upon consideration of petitioner's motion and reply, the opposition response, case record, applicable law, and for the reasons set forth below, Mr. Mitchell's *habeas* motion is **DENIED**.

I.  BACKGROUND

Three and a half weeks after his arrest in Northeast Washington, DC, Petitioner was indicted March 24, 2005 on weapons and drug charges. After pretrial motions and continuances by both sides, a five-day jury trial commenced on March 8, 2006 before this Court. At the conclusion of the

1

trial, petitioner was found guilty on four of five counts,[1] and the Court dismissed the fifth.

This Court denied petitioner's subsequent Motion for a New Trial and a *pro se* Motion for Newly Discovered Evidence and for a New Trial. Order, Nov. 21, 2006, ECF No. 57. The Court then sentenced Mr. Mitchell to 120, 262, 240, and 60 months, to run concurrently for Counts One through Four, respectively. J. 3, Apr. 10, 2007, ECF No. 71. The Circuit affirmed this Court's decision in November 2008. *United States v. Mitchell*, 304 F. App'x 880, 881 (D.C. Cir. 2008). Mr. Mitchell then filed this *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in December 2009, alleging ineffective assistance of counsel in violation of his Sixth Amendment rights.

Specifically, petitioner alleges that counsel (1) failed to properly attack the credibility of a witness; (2) allowed Mr. Mitchell's speedy trial rights to be violated; (3) failed to object to the Court's failure to elicit fully articulated

---

[1] Petitioner was found guilty of unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); unlawful possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and unlawful possession with intent to distribute cannabis, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D). Verdict Form 1-2, Mar. 13, 2006, ECF No. 37. Petitioner was found not guilty on a separate count. Verdict Form at 2.

objections following the imposition of sentence; (4) failed to explain the plea offer and its ramification if rejected; (5) failed to object to the Court moving forward when Juror #11 attempted to abstain privately; and (6) failed to move to suppress evidence obtained in violation of a knock and announce procedure.  Pet'r's Mot. to Vacate, Dec. 8, 2009, ECF No. 95.  Petitioner's motion is ripe for decision by the Court.

**II. APPLICABLE LAW**

To succeed on an ineffective assistance of counsel claim, petitioner must show both that his counsel's performance was deficient, falling below an objective standard of reasonableness, and that counsel's deficient performance prejudiced petitioner's defense.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  If a petitioner cannot meet either prong, a Court need not address the other.  *Id.* at 697.

The *Strickland* review of counsel's performance is "highly deferential," *id.* at 689, as "the bar of objective reasonableness is set rather low."  *United States v. Hurt*, 527 F.3d 1347, 1356 (D.C. Cir. 2008).  Furthermore, unsuccessful strategy or tactics are not grounds for attack.  *See Strickland*, 466 U.S. at 699 (holding that counsel's strategic choice, "though unsuccessful, was the result of reasonable professional judgment").  Indeed, counsel's "strategic choices made after a thorough investigation of the law and facts relevant to

plausible options are virtually unchallengeable." *United States v. Catlett*, 97 F.3d 565, 570 (D.C. Cir. 1996) (quoting *Strickland*, 466 U.S. at 690).

In order to show that counsel's deficient performance prejudiced him, petitioner must show that but for counsel's deficient performance, the proceeding would have resulted differently, *Strickland*, 466 U.S. at 694, not merely that the errors "had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

**III. ANALYSIS**

**A. EVIDENTIARY HEARING**

As a preliminary matter, the Court determines that no evidentiary hearing is required. An evidentiary hearing on a *habeas* matter is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b) (2006). Appellate courts generally respect a district court's decision not to hold a hearing when the judge deciding the motion also presided over the initial trial. *United States v. Toms*, 396 F.3d 427, 437 (D.C. Cir. 2005). This is because a complete and uncontroverted evidentiary record, *Machibroda v. United* States, 368 U.S. 487, 494 (1962), coupled with the judge's recollection of the events at issue, enable a summary ruling. *Id.* at 495; *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992).

Indeed, only where the § 2255 motion raises "detailed and specific" factual allegations whose resolution requires information outside of the record or the judge's "personal knowledge or recollection" must a hearing be held. *Pollard*, 959 F.2d at 1031 (citing *Machibroda,* 368 U.S. at 495).

Having presided over Mr. Mitchell's trial and sentencing, this Court is intimately familiar with the facts and history of the case. With no material facts in dispute, the parties' briefs and the entire case record conclusively demonstrate both that Mr. Mitchell is entitled to no relief and that an evidentiary hearing is not warranted. The Court therefore proceeds to the merits of petitioner's claims.

### B. PROCEDURALLY BARRED CLAIMS

Petitioner raises two procedurally barred claims in his motion. His fourth and fifth claims that counsel was ineffective – for failing to explain the plea offer and its ramifications and for failing to object to the Court moving forward when Juror #11 attempted to abstain privately – were adjudicated, appealed, and affirmed. *See Mitchell*, 304 F. App'x 880.[2]

---

[2] The Circuit Court noted that Mr. Mitchell twice and unequivocally refused a plea bargain, and his appeal thus failed to meet *Strickland* prejudice. *Mitchell*, 304 F. App'x at 881. That court also held that Juror #11 agreed with the guilty verdict and was merely ambivalent about announcing her vote

5

"It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law." *United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987). There has been no change in the applicable law since the Court of Appeals decided both claims against Mr. Mitchell. This Court, therefore, considers neither.

### C. UNSUPPORTED CLAIMS

Of Mr. Mitchell's four remaining claims of ineffective assistance of counsel, three are offered without factual allegation or support. The claims are that Mr. Mitchell's counsel failed to properly attack the credibility of a witness, allowed Mr. Mitchell's speedy trial rights to be violated, and failed to move to suppress evidence obtained in violation of a knock and announce procedure and to show that Mr. Mitchell had a reasonable expectation of privacy in the dwelling. Pet'r's Mot. to Vacate at 5-6.

In addition to alleging no facts regarding these claims, petitioner fails to explain how these problems amounted to deficient representation of counsel or explain how he was prejudiced as a result. Because Mr. Mitchell provides the Court

---

individually and in public. *Id.* This fact did not negatively implicate petitioner's substantive rights. *Id.*

6

no basis on which to make a judgment, the Court relies on the government's opposition for facts, which petitioner did not dispute in his reply, and briefly considers each claim in turn. *See United States v. Thomas*, 772 F. Supp. 2d 164, 169 (D.D.C. 2011) (the Court could not find any merit to petitioner's claim because petitioner offered "no [supporting] insight or detail whatsoever").

Before examining the merits of each claim, however, the Court notes that district courts have the power to deny § 2255 motions on the grounds that they offer only bald legal conclusions with no supporting factual allegations. *Sanders v. United States*, 373 U.S. 1, 19 (1963). In addition, "conclusory arguments may be summarily dismissed by the Court." *United States v. Geraldo*, 523 F. Supp. 2d 14, 22 (D.D.C. 2007) (citing *United States v. Morrison*, 98 F.3d 619, 626 (D.C. Cir. 1996) (holding that summary denial of a § 2255 motion is appropriate when the ineffective assistance claim is speculative)).

### i. Counsel Failed to Properly Attack the Credibility of a Witness

Mr. Mitchell offers no support for his claim that his conviction be vacated for ineffective assistance of counsel based on defense counsel's failure to attack a witness's credibility. Petitioner neither identifies which witness counsel failed to properly cross-examine nor demonstrates how a

7

different cross-examination would have altered the trial's outcome. Providing the Court with none of this information is tantamount to "teasingly suggest[ing] that there may be facts out there that [petitioner's] trial counsel could have discovered and that would have helped his case." *Coumaris v. United States*, 660 F. Supp. 2d 67, 71 (D.D.C. 2009) (quoting *United States v. Askew*, 88 F.3d 1065, 1073 (D.C. Cir. 1996)). This omission should not be the basis for overturning a conviction. *Id.* Because the Court cannot determine how counsel's representation was deficient or how the representation prejudiced Mr. Mitchell, the Court denies this claim.

### ii. Counsel Allowed Mr. Mitchell's Speedy Trial Rights to be Violated

The Sixth Amendment to the Constitution guarantees Mr. Mitchell's right to a speedy trial. Although petitioner claims that his rights were violated, Pet'r's Mot. to Vacate at 5, his memorandum and reply do not address this issue.

The Supreme Court, in *Barker v. Wingo*, provided a four-factor inquiry to weigh whether a prisoner's speedy trial rights were violated. 407 U.S. 514 (1972). The four factors are length of delay, reasons for the delay, defendant's assertion of his right to a speedy trial, and prejudice to a defendant. *Id.* at 530. As a threshold matter, the length of delay triggers further inquiry and is "dependent upon the peculiar

circumstances of the case." *Id.* at 530-31. "A delay of over six months in bringing a case to trial warrants inquiry and justification[.]" *United States v. Goss*, 646 F. Supp. 2d 137, 141 (D.D.C. 2009) (citing *United States v. Lara*, 520 F.2d 460, 464 (D.C. Cir. 1975)). "[A]nd a one-year delay is generally considered 'presumptively prejudicial,'" triggering an analysis of the remaining *Barker* factors. *Id.* (citing *Doggett v. United States*, 505 U.S. 647, 651-52, 652 n.1 (1992)). Given that Mr. Mitchell's trial commenced one year and seven days after his arrest, this Court moves to the second, third, and fourth factors.

Under the *Barker* scheme, there are neutral, valid, or deliberate reasons for trial delay attributable to the government. 407 U.S. at 531. A neutral delay, such as negligence or overcrowded courts, will weigh against the government, but not heavily. *Id.* Valid delays, like a missing witness, justify appropriate delay. *Id.* Deliberate delays used to hamper a defense weigh heavily against the government. *Id.* Delay may also be attributable to defendants. *Id.* at 529. Acting as waivers, these delays weigh against the defendant, not the government. *Id.* "The burden is on the government to justify the delay . . . ." *Goss*, 646 F. Supp. 2d at 141 (citing *Barker*, 407 U.S. at 531 ("Closely related to length of delay is the reason the government assigns to justify the delay.")).

In its opposition, the government sets forth the pretrial neutral, valid, and defendant-caused delays and argues that, as a whole, they did not evince an "unconscionable delay." Opp'n and Mem. of Law 18, 20, App. A, Apr. 9, 2010, ECF No. 101. The Court finds that the reasons for delay fall mainly into the neutral or defendant-caused categories.[3] Neutral delays resulting from the Court's docket and this Court's consideration of government motions were significant but not onerous or unusual. The defendant also caused significant delays with his substitution of counsel, as well as his motions to exclude calculations from the Speedy Trial Act and to continue the trial. Finally, an unfortunate death in the prosecutor's immediate family created an unavoidable continuance, which the Court finds to be a valid delay. Accordingly, the Court concludes that the reasons for delay do not support a Sixth Amendment violation.

The third factor, defendant's assertion of his right to a speedy trial, is critical to proving the right was denied. *Barker*, 407 U.S. at 531-32. On June 26, 2005, Mr. Mitchell filed a Motion to Dismiss based on a violation of the Speedy Trial Act ("STA"), which indicates a recognition of his related

---

[3] The government's calculations were well over the 372 days petitioner was held before his trial. This mistake aside, the characterizations regarding the reasons for delay were largely accurate.

Constitutional right.[4] Mot. to Dismiss on Speedy Trial, June 26, 2005, ECF No. 16. On the other hand, he changed counsel, received a lengthy continuance, and offered no objection to government's continuances to transport a prisoner and upon the death of the prosecutor's father. Asserting his speedy trial rights while both contributing and acquiescing to the delay undermines the strength with which he asserted his right. *See Goss*, 646 F. Supp. 2d at 142 ("[Petitioner] requested, and received, numerous extensions and continuances, cutting against the vigor of his assertion of his right to a speedy trial.").

The fourth factor, prejudice to the defendant, is analyzed with the aim to prevent oppressive pretrial incarceration, minimize anxiety and concern of the accused, and limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. The third interest is the most important. *Id.* (examples of prejudice that impaired a defense include witness disappearance or death and the inability of a witness to recall events accurately due to the passage of time). Mr. Mitchell asserts none of these interests. Petitioner, therefore, has failed to demonstrate prejudice from his trial's delayed start.

When balanced, the *Barker* factors demonstrate that the reasons for delay were valid, neutral, or defendant-caused, that Mr. Mitchell did not assert his rights consistently or

---

[4] The motion was denied. Order, Aug. 11, 2005, ECF No. 23.

strenuously, and that petitioner was not prejudiced.  As a result, the Court finds that Mr. Mitchell's Sixth Amendment right to a speedy trial was not violated.  Accordingly, his ineffective assistance of counsel claim for allowing his constitutional speedy trial rights to be violated must fail.

> ### iii. Counsel Failed to Move to Suppress Evidence Obtained in Violation of a Knock and Announce Procedure and to Show that Mr. Mitchell had Standing in the Dwelling

Mr. Mitchell contends that counsel was ineffective for failing to move to suppress evidence obtained during a search of the premises where he was arrested.  Police executed a search warrant while Mr. Mitchell was inside 815 5th Street NE, Apartment One, Washington, DC.  Petitioner offers no factual assertions regarding the allegedly unlawful entry and does not address the issue in his memorandum or reply.  The record suggests that the officers conducted a procedurally adequate entry after knocking and announcing their presence pursuant to the Fourth Amendment's protections.

Specifically, the trial transcript shows that the officers entered the apartment building after obtaining a search warrant. Tr. 109-12, Mar. 8, 2006, ECF No. 84.  At the door to Apartment One, Officer Bruce knocked and announced "police, search warrant" several times.  Tr. 111-12, Mar. 8, 2006.  Hearing no response, the officers used a battering ram to open to door,

finding defendant and a friend inside.  Tr. 112-13, Mar. 8, 2006.  That friend, a corroborating witness, testified that she heard three bangs at the door (perhaps twice) and thought someone was coming into the apartment, to which Mr. Mitchell told her to "pay that no mind."  Tr. 75, Mar. 9, 2006, ECF No. 85.

"When the ineffectiveness claim concerns an attorney's failure to raise a Fourth Amendment issue, the defendant must show that the Fourth Amendment claim has merit and that there was a reasonable possibility that the verdict would have been different absent the excludable evidence."  *United States v. Wood*, 879 F.2d 927, 934 (D.C. Cir. 1989) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).  In other words, petitioner must establish that a motion to dismiss would have been granted and that the trial's outcome would have changed.  Upon examining the record, the Court concludes there was no Sixth Amendment violation because petitioner has not shown that a Motion to Suppress would have both succeeded and changed the trial's outcome.

Specifically, Mr. Mitchell does not address whether the arresting officers were constructively refused admittance when he did not acknowledge their knocks.  This question is critical because an officer may assume refusal of admittance and "forcibly enter a house if the occupant does not respond to the

13

officer's announcement within a reasonable period of time." *Wood*, 879 F.2d at 932 (citing *United States v. Davis*, 617 F.2d 677, 695 (D.C. Cir. 1979)).[5] Here, officers observed Mr. Mitchell from the window then proceeded to knock and announce several times. Tr. 111-12, Mar. 8, 2006. Knowing that petitioner was inside and hearing no response, the officers forcibly entered. These facts suggest that the officers made a reasonable determination that they had been constructively refused admittance, and petitioner provides the Court with no reason to doubt their determination. Mr. Mitchell, therefore, has failed to meet his burden under *Kimmelman* and *Wood* by showing his hypothetical motion to suppress would have succeeded.

In sum, Petitioner has not shown that the police search of Apartment One would have failed a Fourth Amendment challenge via a Motion to Suppress.[6] Consequently, Counsel's decision not to

---

[5] The time required to wait is a factual determination for the trial court. *Wood*, 879 F.2d at 933.

[6] Furthermore, even if the entry violated the Fourth Amendment, counsel's strategic decision not to attack the search and to distance Mr. Mitchell from the apartment and the evidence therein was reasonable, given the facts of the case and the argument defense developed at trial. *Strickland*, 466 U.S. at 699 (unsuccessful strategy or tactics are not grounds for attack). Mr. Mitchell illustrates the reasonableness of this strategy in his own memorandum. He notes that, "Mr. Mitchell was verbally contracted to repair [the apartment] in order to ultimately be considered for residency" and "it was established by the owner Mr. Abdoo that Mitchell was to repair the apartment

14

challenge the search could not have prejudiced Mr. Mitchell. Counsel, therefore, was not ineffective, as his inaction does not meet the second prong of the *Strickland* test.

**D. OBJECTION-ELICITATION CLAIM**

This final claim is the only ground for appeal that Mr. Mitchell's memorandum of law and reply address. The crux of petitioner's argument is that this Court erred in two respects. First, according to Mr. Mitchell, after sentencing, the Court should have elicited objections to the sentence. Pet'r's Mem. of Law 9-10, Dec. 10, 2009, ECF No. 96. Mr. Mitchell claims his counsel erred by not objecting to the Court's failure to do so and was, therefore, ineffective. *Id.* Second, Petitioner argues that grounds for objection existed because the Court imposed sentences of 262 months for Counts One, Three, and Four, which is beyond the maximum guidelines. The Court finds no merit in either argument.

As an initial matter, this Court is not obligated to elicit objection following sentencing. Mr. Mitchell confuses Eleventh Circuit precedent with two Supreme Court cases – *McNabb v.*

---

and then he could live there, and no prints belonging to Mitchell was [sic] found on the gun or drugs . . . ." Pet'r's Mem. of Law 1, Dec. 10, 2009, ECF No. 96. Counsel made a reasonable strategic choice given the facts and law before him to distance petitioner from the apartment rather than establish standing and presumably attack the search. Thus this collateral claim is foreclosed to petitioner.

15

*United States* and *Cupp v. Naughten*. *McNabb* holds, and *Cupp* acknowledges, that appellate courts enjoy "supervisory authority over the administration of criminal justice," *McNabb*, 318 U.S. 332, 341 (1943); *see id.* at 340 ("Judicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence."); *see also Cupp v. Naughten*, 414 U.S. 141, 146 (1973) ("The appellate courts were, in effect, exercising the so-called supervisory power of an appellate court to review proceedings of trial courts and to reverse judgments of such courts which the appellate court concludes were wrong."). Neither case supports petitioner's contention that the objection-elicitation requirement is a national mandate. Pet'r's Mot. 5. Petitioner relies on *United States v. Jones*, where the Eleventh Circuit exercised its supervisory authority, in accordance with *McNabb* and *Cupp*, to require its district courts to elicit objections following imposition of sentence. *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990).[7] In essence, petitioner seeks to transfer the objection-elicitation requirement of the Eleventh Circuit to this Court. The D.C. Circuit has not imposed this requirement on the district courts, however, and this Court, therefore, made no

---

[7] The Sixth Circuit agrees with the Eleventh. *See United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004).

16

error.  It follows that Mr. Mitchell's counsel, in turn, did not err in failing to object to this Court's non-elicitation of objection.  Counsel's representation, therefore, was not deficient nor was petitioner prejudiced.[8]

Plaintiff's second argument - that his sentence itself was unlawful – also fails.  The Court imposed distinct and lawful sentences for each Count and ran them concurrently.  J. 3, Apr. 10, 2007, ECF No. 71 ("The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 Months on Count 1; 262 Months on Count 2; 240 Months on Count 3; and 60 Months on Count 4.  [A]ll Counts are concurrent."); Tr. 21, Mar. 30, 2007, ECF No. 91.  Though Mr. Mitchell argues that the 262-month sentence at issue was imposed for all Counts, the record is clear that sentence applied only to Count Two.  Tr. 21, Mar. 30, 2007.[9]  And, as the Court noted, Mr. Mitchell could have been sentenced to 327 months, which was both within the guidelines and this Court's discretion.  Tr. 20, 23, Mar. 30, 2007.  The record demonstrates

---

[8] Petitioner mentions the rationale for the Eleventh Circuit's *Jones* rule – to preserve appellate objections – was lost when his counsel failed to object, and he, therefore, suffered prejudice.  But again, this argument is premised on an inaccuracy.  *Jones* does not control this circuit so no objection on this ground was foreclosed because none existed in the first place.

[9] At trial, the Court noted, "I can sentence him to 262 months on Count Two and impose the other sentences and just have them run concurrent."  Tr. 21, Mar. 30, 2007.

17

that the sentence was lawful and that counsel had no grounds to object; counsel's failure to object, therefore, did not prejudice Mr. Mitchell.

Mr. Mitchell makes a similar argument concerning his appellate counsel, charging ineffective assistance of counsel for not raising the issue of statutorily excessive sentences for Counts One, Three, and Four and for not raising the objection-elicitation requirement.  Pet'r's Mem. of Law at 3.  As noted earlier, the imposed sentences were legal and distinct, and the 262-month sentence was for Count Two alone.  Furthermore, the objection-elicitation requirement has no bearing on this Court, and appellate counsel, therefore, had no basis to raise the issue with the Circuit.  *See Jones v. Barnes*, 463 U.S. 745, 751 (1983)(holding that appellate attorneys need not bring up every issue his/her client requests and that appellate attorneys should winnow out weaker arguments); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000) (emphasizing that *Jones v. Barnes* held that frivolous claims need not be brought forward by appellate counsel).  Having no tenable legal basis to bring these claims, counsel properly raised neither before the Circuit.

"The analysis by which courts determine whether appellate counsel provided ineffective assistance is the same as that for trial counsel."  *United States v. Agramonte*, 366 F. Supp. 2d 83, 86 (D.D.C. 2005) (citing *Smith v. Robbins*, 528 U.S. 259, 289

(2000)).  Applying the *Strickland* test, petitioner cannot demonstrate that his appellate counsel's performance was deficient and that any alleged deficiency was prejudicial. Petitioner's counsel raised the strongest arguments on appeal and winnowed out weaker and frivolous claims.  Petitioner's ineffective assistance of appellate counsel claim, therefore, fails.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** petitioner's *pro* se Motion to Vacate, Set Aside, or Correct Sentence.  An appropriate order accompanies this memorandum opinion.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**January 30, 2012**

19